# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20502
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WADE HAMPTON BIGELOW, also known as Ray Ford Gore,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-160-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:[*]

Wade Hampton Bigelow pleaded guilty to aiding and abetting possession with the intent to distribute five kilograms of cocaine and was sentenced to 192 months of imprisonment and five years of supervised release. He appeals the district court's denial of his motion to withdraw his guilty plea.

The district court carefully considered each of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), to determine that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20502

Bigelow had not demonstrated a fair and just reason for withdrawing a guilty plea. The district court noted that Bigelow had asserted his innocence based on his belief that he had a valid defense, but stated that the mere assertion of innocence was insufficient to permit withdrawal of a guilty plea. The district court also determined that there had been considerable delay by Bigelow, who did not seek to withdraw his plea until after the sentencing date had been set, after the preparation of the PSR, and after Bigelow's supervised release had been revoked in a separate proceeding. Noting that Attorney Davis had met with Bigelow numerous times, had filed numerous motions on Bigelow's behalf, had sought the determination of Bigelow's competency, and had been diligent in exploring the facts of the offense and Bigelow's mental state, the district court concluded that Bigelow had close assistance of counsel throughout the proceedings. Based on the Assistant U.S. Attorney's representations, the district court found that the Government would suffer some prejudice if the plea were withdrawn. The court also determined that there would be some inconvenience to the court and a waste of judicial resources, but that these factors were not substantial.

Bigelow's primary argument was that his plea was not knowing and voluntary because his "psychological and mental health problems, and his medications, affected his ability to consult with his lawyer and his understanding of the case." Reviewing the plea colloquy and noting that he was examined by two mental health professionals, both of whom determined that he was competent to consult with his lawyer and to understand the court proceedings, the district court found that Bigelow's plea was knowing and voluntary. Based on the totality of the circumstances, the court concluded that the motion to withdraw the plea should be denied.

No. 14-20502

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, and "a district court abuses its discretion in denying a defendant's motion to withdraw a guilty plea only if the court bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. McKnight*, 570 F.3d 641, 648–49 (5th Cir. 2009). The totality of the circumstances shows that the district court did not abuse its discretion in denying Bigelow's motion to withdraw his guilty plea. *See United States v. Conroy*, 567 F.3d 174, 177–79 (5th Cir. 2009). The district court's denial of Bigelow's motion to withdraw his guilty plea is affirmed.

Bigelow also filed a motion for substitution of his appellate counsel. We may relieve appointed counsel "upon a showing that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." Fifth Circuit Plan for Representation on Appeal Under the Criminal Justice Act, § 5(B); *see also* 18 U.S.C. § 3006A(c). Bigelow claims that Attorney Adler should be replaced as appointed counsel because he did not comply with Bigelow's requests to raise certain "core" issues on appeal, including an ineffective assistance of counsel claim against Attorney Davis, which should not generally be litigated on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *cert. denied sub nom. Aldridge v. United States*, 135 S. Ct. 123 (2014). A counseled appellant does not have the right to direct his appeal, or to insist that particular issues are raised. *See Jones v. Barnes*, 463 U.S. 745, 751–753 (1983). Nothing indicates that the interests of justice require substitution of counsel. Bigelow's motion for substitution of counsel is denied.

AFFIRMED; MOTION DENIED.